FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA    2012 JUL 24   PH 3: 37
JACKSONVILLE DIVISION

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

SHARON VAN NESS,                              :
as Personal Representative of the        :
Estate of PAUL VAN NESS, deceased,    :        Case No. 3:12-cv-841-J-32TEm
                                                         :
                 Plaintiff,                        :
                                                         :
v.                                                      :
                                                         :
SUPER SERVICE, LLC, and                   :
AMOS ROGER SMITH, JR.,                   :
                                                         :
                 Defendants.                     :
_____/

## COMPLAINT FOR WRONGFUL DEATH
## AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, SHARON VAN NESS, as Personal Representative of the Estate

of PAUL VAN NESS, deceased, and hereby sues Defendants, SUPER SERVICE, LLC, and AMOS

ROGER SMITH, JR., and alleges as follows:

### PARTIES, VENUE AND JURISDICTION

1.       Plaintiff SHARON VAN NESS (hereinafter Plaintiff), born on April 29, 1968, age

forty-four (44), is the surviving spouse of PAUL VAN NESS, deceased (hereinafter Plaintiff's

decedent).

2.       At all times relevant hereto, Plaintiff was, and has continued to be, the duly appointed

Personal Representative of the Estate of PAUL VAN NESS, deceased.  (See Letters Testamentary

issued in the District Court of Wells County, State of North Dakota, dated July 20, 2011, attached

hereto as Exhibit A).

3.     At all times relevant hereto, Plaintiff's decedent resided in, and was a citizen of Sykeston, Wells County, North Dakota.

4.     Plaintiff's decedent died as a passenger in a motor vehicle accident that occurred in Macclenny, Baker County, Florida, on or about June 21, 2011; at the time of his wrongful death, Plaintiff's decedent, who was born on May 23, 1964, was age forty-seven (47).

5.     At all times relevant hereto, Plaintiff and Plaintiff's decedent were married to each other, and were the natural parents of three (3) children, all of whom were the product of their twenty-one (21) year marriage, and all of whom were, and continue to be, residents and citizens of the State of North Dakota: SHANNON VAN NESS and ALEXANDER VAN NESS, both of whom are *sui generis*, and T██████ ████ N███, a minor, for whom Plaintiff has been appointed as Conservator. (See Letters Conservatorship issued in the Southeast Judicial District Court, State of North Dakota, dated May 23, 2012, attached hereto as Exhibit B.)

6.     At all times relevant hereto, Defendant SUPER SERVICE, LLC (hereinafter Defendant SUPER SERVICE), neither a resident nor a citizen of the State of Florida, was, and continues to be, a Delaware corporation, with its principal place of business in Grand Rapids, Kent County, Michigan.

7.     At all times relevant hereto, Defendant SUPER SERVICE operated an interstate trucking business and was: engaged in and carried on business or business ventures in the State of Florida; had an office in the State of Florida; committed a tortious act within the State of Florida; caused injury to persons and property within the State of Florida arising out of its act or omission outside of the State of Florida at which time it engaged in solicitation and service activities within the State; engaged in substantial and not isolated activity within the state of Florida, all of which

subjects Defendant SUPER SERVICE to this venue and the jurisdiction of this Court, and to service of process pursuant to the provisions of Sections 48.193 and 48.194, Florida Statutes.

8. At all times relevant hereto, Defendant AMOS ROGER SMITH, JR. (hereinafter Defendant SMITH) was, and continues to be, a citizen of the State of Florida and who, at the time of the events described herein, was a resident of Jacksonville, Duval County, Florida and, as such, is subject to this venue and the jurisdiction of this Court.

9. Subject matter jurisdiction is proper under 28 U.S.C. § 1332; there is complete diversity of citizenship between Plaintiff and Defendants, and Plaintiff's claim for damages exceeds $75,000.00, exclusive of interest, costs and attorneys' fees.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and LR 1.02, MDFla.

## FACTS

11. Plaintiff brings this cause of action against Defendants SUPER SERVICE and SMITH pursuant to Sections 768.16, et. seq., the "Florida Wrongful Death Act".

12. On or about June 21, 2011, Defendant SMITH was operating and maintaining a tractor-trailer rig on U.S. Highway 90 at or near its intersection with Lowder Road in Macclenny, Baker County, Florida; said tractor-trailer rig consisted of a 2005 Volvo tractor (VIN 4V4NC9TJ15N398758, Illinois license tag P694909) and a 2004 refrigerated cargo trailer (trailer number 531353, Illinois license tag T457151).

13. At all times relevant hereto, Defendant SUPER SERVICE was the legal or beneficial owner of the tractor-trailer rig being operated by Defendant SMITH, was responsible for its operation and maintenance, and was further obligated to ensure that the tractor-trailer rig was operated and maintained in a non-negligent manner and did not pose a danger to Plaintiff's decedent

or other motorists.

14. At said time and place, Defendant SMITH was

(a) operating said tractor-trailer rig with the consent, knowledge and permission of Defendant SUPER SERVICE;

(b) acting within the course and scope of his employment with Defendant SUPER SERVICE; and/or

(c) acting as agent on behalf of Defendant SUPER SERVICE as principal;

as such, Defendant SUPER SERVICE is legally responsible for the negligence of Defendant SMITH under the vicarious liability theories of dangerous instrumentality and *respondeat superior*.

15. At said time and place, Plaintiff's decedent was the restrained, front seat passenger in a 2004 Chevrolet Impala.

16. At said time and place, Defendant SMITH negligently operated or maintained his tractor-trailer rig at an excessive rate of speed, causing it to enter the intersection of Lowder Road and U.S. Highway 90 in violation of the traffic signal, so that it struck the passenger side of the Chevrolet Impala then occupied by Plaintiff's decedent, which was, at the time it was struck by the tractor-trailer rig, lawfully within the intersection.

17. Defendant SUPER SERVICE owed a duty to Plaintiff's decedent, and other motorists, to conduct its interstate trucking business operations in a safe, proper and non-negligent manner.

18. Defendant SUPER SERVICE breached its duty to Plaintiff's decedent, and other motorists, to conduct its interstate trucking business operations in a safe, proper and non-negligent manner, through its negligent:

(a) training of employees, including Defendant SMITH; and/or

(b) supervision of employees, including Defendant SMITH; and/or

(c) failure to utilize available information to properly monitor its employees' compliance with company policies and/or state and federal regulations, including Defendant SMITH; and/or

(d) hiring of employees, including Defendant SMITH; and/or

(e) retention of employees, including Defendant SMITH; and/or

(f) instruction of employees, including Defendant SMITH; and/or

(g) supervision of its business operations practices and/or procedures; and/or

(h) failure to comply with state regulations; and/or

(I) failure to comply with federal regulations; and/or

(j) failure to properly audit drivers' logs; and/or

(k) other ways which are as yet unknown to Plaintiff, but may be identified by further investigation and/or discovery.

19. As a direct, proximate and foreseeable result of the negligence of Defendants SUPER SAVER and SMITH, Plaintiff's decedent suffered fatal injuries in the motor vehicle accident described herein, which injuries caused his wrongful death.

20. As a further direct, proximate and foreseeable result of the negligence of Defendants SUPER SAVER and SMITH, the estate and survivors of Plaintiff's decedent suffered, and will continue to suffer, damages as a result of his wrongful death.

21. The potential beneficiaries of this claim for wrongful death (including the Estate of PAUL VAN NESS), their relationships to Plaintiff's decedent, and the damages which they may be

awarded pursuant to Section 768.21, Florida Statutes, are identified as follows:

     a.     The claims made on behalf of the Estate of PAUL VAN NESS include: the loss of prospective net accumulations beyond the date of death, funeral expenses that have become a charge against the estate or that were paid on behalf of the decedent, and any other damages allowable under the law;

     b.     The claims made on behalf of Plaintiff SHARON VAN NESS, as PAUL VAN NESS's surviving spouse, include: the value of future loss of support and services from the date of death (reduced to present money value); loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury; and medical and funeral expenses paid by her due to PAUL VAN NESS's injury or death, and any other damages allowable under the law;

     c.     The claims made on behalf of PAUL VAN NESS's surviving child, SHANNON VAN NESS (age twenty-one (21), date of birth May 29, 1991), include: the value of future loss of support and services from the date of death (reduced to present money value); lost parental companionship, instruction and guidance and mental pain and suffering from the date of injury, and any other damages allowable under the law;

     d.     The claims made on behalf of PAUL VAN NESS's surviving child, ALEXANDER VAN NESS (age 19, date of birth December 21, 1992), include: the value of future loss of support and services from the date of death (reduced to present money value); lost parental companionship, instruction

and guidance and mental pain and suffering from the date of injury; and any other damages allowable under the law; and

e.    The claims made on behalf of PAUL VAN NESS's surviving child, T███████ ████ N███ (age sixteen (16), date of birth ████████████), include: the value of future loss of support and services from the date of death (reduced to present money value); lost parental companionship, instruction and guidance and mental pain and suffering from the date of injury, and any other damages allowable under the law.

WHEREFORE, Plaintiff SHARON VAN NESS, as Personal Representative of the Estate of PAUL VAN NESS, deceased, prays that Defendants SUPER SERVICE, LLC and AMOS ROGER SMITH, JR. be cited to appear and answer herein as the law directs, and that upon final hearing hereof, Plaintiff does have and recover judgment of and from Defendants SUPER SERVICE, LLC and AMOS ROGER SMITH, JR. in such amounts, pursuant to the foregoing allegations, as the evidence may show proper, plus costs of court, and for such other and further relief as to which Plaintiff may be justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all rights so triable.

DATED this 23rd day of July, 2012.

MILTON, LEACH, WHITMAN,
D'ANDREA & ESLINGER , P.A.

JOSHUA A. WHITMAN, Esquire
Florida Bar No. 0399264
jwhitman@miltonleach.com
MICHAEL P. MILTON, Esquire
Florida Bar No. 0136573
mmilton@miltonleach.com
815 South Main Street, Suite 200
Jacksonville, Florida 32207
Phone: (904) 346-3800
Fax: (904) 346-3692

Trial Counsel for Plaintiff

# EXHIBIT "A"

Received & Filed

JUL 2 0 2011

Wells County Clerk
of District Court

Murphy & Spahr Law Office, P.C.
Paul C. Murhy
Attorney at Law
909 Main Street
Carrington, ND 58421
(701)652-1200

File No. 52-2011-PR-27

Attorney for Personal Representative

IN THE DISTRICT COURT OF WELLS COUNTY,
STATE OF NORTH DAKOTA

In the matter of the estate of, Paul Van Ness, Deceased.

## LETTERS TESTAMENTARY

### (Informal Probate)

The will of Paul Van Ness, having been admitted to informal probate, Sharon Van

Ness is hereby appointed personal representative of the estate.

WITNESS: Hon. _James D Hovey_, Judge of the District Court, County of

Wells, State of North Dakota, with the seal of the Court affixed the _20th_ day of

_July_, 2011.

_____
Judge of District Court

# EXHIBIT "B"

*52-2012-PR-15*

| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
|---|---|
| COUNTY OF WELLS | SOUTHEAST JUDICIAL DISTRICT |

IN RE ███████████ A MINOR

## PETITION, CONSENTS FOR APPOINTMENT, ORDER APPOINTING, AND OATH OF CONSERVATOR AND GUARDIAN

### PETITION

1. I am Sharon VanNess and I am the mother of T███ ██N██, a minor, who was born on ███████

2. T███ ██N██ has no general or testamentary guardian. T███ ██N██ has a claim for relief against the person who negligently caused the death of his father which arises out of an automobile accident occurring on June 21, 2011 in Baker County, Florida.

3. I, Sharon VanNess, am a resident of Wells County, North Dakota, and have been for at least 180 days.

4. T███ ██N██ is a resident of Wells County, North Dakota, and has been for at least 180 days (his entire life).

5. I, Sharon VanNess, am a responsible and competent person to act as conservator and guardian for T███ ██N██ in investigating, retaining counsel, commencing and prosecuting the said claim for relief.

6. I, Sharon VanNess, have retained Murphy & Sphar and Ackre Law Firm to pursue a wrongful death claim and request the Court to retroactively approve me with authority to retain lawyers for my son, T███ ██N██ to pursue any and all claims he may have regarding the untimely death of his father. I will obtain this

-1-

Received & Filed
This 23rd day of May 2012
Wells County Clerk of District Court

Courts approval of any minor settlement made with the responsible parties, if a settlement or judgment is reached.

WHEREFORE, the petitioner, who has made no other application, prays to be appointed conservator and guardian to retroactively approve the retention of lawyers Murphy & Spahr and Ackre Law Firm and to commence and prosecute the aforementioned claim for relief and to take such other and further action as may be necessary.

Dated this _17_ day of May, 2012.

_Sharon E. Van Ness_
Sharon VanNess, Petitioner

STATE OF NORTH DAKOTA    )
                                                 ) ss.
COUNTY OF ~~WELLS~~ Foster  )

On this _17_ day of _May_, 2012, before me personally appeared Sharon VanNess, who signed the foregoing Petition for Appointment of Conservator and Guardian, and acknowledged to me that she signed this document on her free act and deed and that she understood the contents thereof.

_Crystal R. Miller_
Notary Public
My Commission Expires:

(SEAL)

> CRYSTAL L. MILLER
> Notary Public
> State of North Dakota
> My Commission Expires Nov. 17, 2012

-2-

## CONSENT OF MINOR OVER 14

STATE OF NORTH DAKOTA    )
                                   ) ss.
COUNTY OF WELLS           )

        I, T██████ ██N██, a minor over 14 years of age, do consent that Sharon VanNess be appointed as conservator and guardian in accordance with the foregoing.

        Dated this __16__ day of May, 2012.



                                                  T██████ ██N██

STATE OF NORTH DAKOTA    )
                                   ) ss.
COUNTY OF WELLS           )

        On this __16__ day of May, 2012, before me personally appeared T██████ ██N██, who signed the foregoing Petition for Appointment of Conservator and Guardian, and acknowledged to me that he signed this document on his free act and deed and that he understood the contents thereof.

                                        _____
                                        Notary Public
                                        My Commission Expires:

(SEAL)

```
PAUL C. MURPHY
Notary Public
State of North Dakota
My Commission Expires Nov. 21, 2013
```

## CONSENT OF MOTHER

STATE OF NORTH DAKOTA    )
                                   ) ss.
COUNTY OF ~~WELLS~~ Foster )

        I, Sharon VanNess, am the mother of T██████ ██N██ and I was married to Paul VanNess at the time of his death. I hereby consent that I, Sharon VanNess, be appointed conservator and guardian in accordance with the foregoing.

-3-

Dated this _17_ day of May, 2012.

_Sharon E VanNess_
Sharon VanNess

STATE OF NORTH DAKOTA )
                   ) ss.
COUNTY OF ~~WELLS~~ Foster )


On this _17_ day of _May_, 2012, before me personally appeared Sharon VanNess, who signed the foregoing Petition for Appointment of Conservator and Guardian, and acknowledged to me that she signed this document on her free act and deed and that she understood the contents thereof.

_Crystal P. Miller_
Notary Public
My Commission Expires:

```
+-----------------------------------+
|       CRYSTAL L. MILLER           |
|        Notary Public              |
|      State of North Dakota        |
| My Commission Expires Nov. 17, 2012 |
+-----------------------------------+
```

(SEAL)


## CONSENT OF PROPOSED GUARDIAN

I hereby consent to act as conservator and guardian of ▮▮▮▮▮▮▮▮ for the purposes stated in the foregoing Petition.

Dated this _17_ day of May, 2012.

_Sharon E Van Ness_
Sharon VanNess

STATE OF NORTH DAKOTA )
                   ) ss.
COUNTY OF ~~WELLS~~ Foster )


Sharon VanNess, being sworn, says that affiant is the person mentioned in the foregoing and attached Petition; that the facts stated in said petition are true or are believed on information and belief to be true; that affiant signed the foregoing consent to act as

-4-

conservator and guardian; that affiant is a resident of the State of North Dakota; and that affiant has no interest in the claim for relief mentioned in said petition adverse to the proposed ward.

_____
Sharon VanNess

Subscribed and sworn to me this 17 day of May, 2012.

_____
Crystal A. Miller
Notary Public
My Commission Expires:

CRYSTAL L. MILLER
Notary Public
State of North Dakota
My Commission Expires Nov. 17, 2012

(SEAL)

## ORDER APPOINTING CONSERVATOR ~~AND GUARDIAN~~ *JH*

On the foregoing Petition and Consents

IT IS ORDERED, that Sharon VanNess, be and hereby is, appointed conservator ~~and guardian~~ of T███ V██N██, and Sharon VanNess's retroactive hiring of Murphy & Sphar and Ackre Law Firm on behalf of T███ ██N██ is approved pursuant to this appointment of Sharon VanNess as conservator ~~and guardian~~ of T███ ██N██, Sharon VanNess is further authorized to commence and prosecute the action in said Petition mentioned.

Dated this 23rd day of May, 2012.

BY THE COURT:

_____
Judge of the District Court

-5-

# OATH OF CONSERVATOR AND GUARDIAN

STATE OF NORTH DAKOTA )
                        ) ss.
COUNTY OF ~~WELLS~~ Foster )

    I, Sharon VanNess, do swear that I will faithfully and justly perform all the duties of the office and trust which I assume in this action as conservator and guardian for T████ ████N████ to the best of my ability. So help me God!

_Sharon E VanNess_
Sharon VanNess

Subscribed and sworn to me this 17 day of May, 2012.

_Crystal A. Miller_
Notary Public
My Commission Expires:

(SEAL)

CRYSTAL L. MILLER
Notary Public
State of North Dakota
My Commission Expires Nov. 17, 2012

-6-